UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-253-APG-NJK |
|---|---|
| Plaintiff | **Order Accepting Magistrate Judge's Report and Recommendation on Motion to Dismiss** |
| v. | |
| ANTHONY UVARI, | [ECF Nos. 89, 92] |
| Defendant | |

Defendant Anthony Uvari moved to dismiss the indictment as time-barred. ECF No. 89. Magistrate Judge Koppe recommends that I deny the motion. ECF No. 92. I have conducted a de novo review of the papers and issues underlying Judge Koppe's Report and Recommendation, and the subsequently filed papers. *See* Local Rule IB 3-2. I also heard oral argument from counsel on December 14, 2021. Judge Koppe's Report and Recommendation sets forth the proper legal analysis and factual basis for the decision, and I adopt it as my own. I supplement her decision as follows:

Uvari signed two agreements with the Government (collectively, the Waivers) tolling the statute of limitations while his lawyers negotiated with the Government. I agree with Judge Koppe that both Waivers are unambiguous and easy to understand. ECF No. 92 at 5.

Uvari was represented by counsel throughout the pre-indictment period. He had opportunities to discuss the Waivers with his counsel and did so. ECF No. 89-2. The Government did not pressure Uvari to sign the Waivers. And Uvari received what he bargained for in the Waivers: the Government did not indict him while the Waivers were in effect.

"Plea bargains are contractual in nature and subject to contract-law standards." *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997). The parties agree that contract-law

principles also apply to the analysis of the Waivers.  Thus, parol evidence cannot be used to negate or contradict the terms of the contract.  *Ringle v. Bruton*, 86 P.3d 1032, 1037 (2004) (en banc) ("The parol evidence rule does not permit the admission of evidence that would change the contract terms when the terms of a written agreement are clear, definite, and unambiguous.").[1]  Here, both Waivers state that Uvari "knowingly and voluntarily execute[d]" them. ECF No. 89-2 at 29, 30.  Uvari's proposed testimony that he did not understand the Waivers would contradict the clear and unambiguous language of the Waivers, so it is barred by the parol evidence rule.

      Uvari argues that the Waivers are ambiguous because they do not specify the start or end date for the limitation period or how long that period was.  Uvari contends that these types of information are material terms whose absence renders the Waivers ambiguous.  Uvari points to no caselaw holding that a tolling agreement must state the start and end date of a limitations period.  The absence of such information does not render the Waivers ambiguous.

      Uvari also argues that his lawyers had a conflict of interest because they were being paid by Uvari's accountant, who had been under criminal investigation.  But assuming a conflict existed, Uvari has shown no prejudice or harm from that in regard to the Waivers.  "In order to establish a violation of the Sixth Amendment [based on a conflict of interest], a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. . . . [A]n actual conflict is a conflict that affected counsel's

---

[1] Nor can "evidence of a party's intent [] be admissible to create ambiguity in an otherwise unambiguous written contract.  To do so would be to eviscerate the parole evidence rule." *Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 282, 21 P.3d 16, 22 (2001). *See also*, *CITGO Asphalt Ref. Co. v. Frescati Shipping Co., Ltd.*, 140 S. Ct. 1081, 1088 (2020) ("Where the words of a contract in writing are clear and unambiguous, its meaning is to be ascertained in accordance with its plainly expressed intent. . . . In such circumstances, the parties' intent can be determined from the face of the agreement and the language that they used to memorialize [that] agreement.") (internal quotations and citations omitted).

performance-as opposed to a mere theoretical division of loyalties." *United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005) (quotations and citations omitted).  To show such an adverse effect, a defendant must show "that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Id.*  As the Government points out, if Uvari did not sign the Waivers, the Government would have immediately indicted him, which Uvari did not want to happen. *See* ECF No. 89-2 at 2 (Uvari Decl. saying, "From the beginning, I was very clear with Mr. Toscher and his associate Evan Davis that I was not interested in a plea agreement and that the purpose of their representation was to obtain an agreement that the government would not pursue any charges . . . .").  Although the Government eventually indicted him, Uvari received the bargained-for benefit of a delay in that indictment. *Id.* at 3 ("Mr. Toscher and Mr. Davis advised me to sign the waiver because the government would indict me if I did not sign it.  They told me it would be beneficial for me if I signed because it would show a sign of good faith.  They also said if I signed the waiver that it would give them additional time to try and convince the government not to indict me.").

Finally, Uvari has not alleged "facts with sufficient definiteness, clarity, and specificity to enable [me] to conclude that contested issues of fact exist" regarding the Waivers to justify an evidentiary hearing. *United States v. Howell,* 231 F.3d 615, 620 (9th Cir. 2000).  I agree with Judge Koppe that no hearing is necessary.

/ / / /

/ / / /

/ / / /

/ / / /

I THEREFORE ORDER that Magistrate Judge Koppe's Report and Recommendation **(ECF No. 92) is accepted** as supplemented, and the defendant's motion to dismiss **(ECF No. 89) is denied.**

DATED this 17th day of December, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE