# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>ANTHONY UVARI,<br>    Defendant. | Case No. 2:18-cr-00253-APG-NJK<br>**ORDER**<br>[Docket No. 113] |

Pending before the Court is Defendant Anthony Uvari's motion to sever count one from counts two through four in the indictment. Docket No. 113. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 113, 117, 119. This matter is properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

On August 21, 2018, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with four counts of making and subscribing false tax returns, in violation of 26 U.S.C. § 7206(1). Docket No 1. The underlying counts pertain to individual and corporate income tax returns filed for the 2010 and 2011 tax years. *Id.* Specifically, the indictment alleges that Defendant filed four false tax returns: one for an individual tax return for 2011, one for a corporate tax return for A&S, LLC for 2010, and two for corporate tax returns for AUF, LLC for 2010 and 2011. *Id.* at 2. The individual tax return was filed on February 13, 2012. *Id.* The A&S, LLC tax return was filed on May 30, 2012. *Id.* The AUF, LLC returns were filed on October 1, 2012, and May 13, 2013. *Id.*

On August 28, 2018, the Court issued an order regarding pretrial motions, which set the pretrial motions deadline for September 27, 2018.[1] Docket No. 12. In the ensuing months and

---

[1] The order states that pretrial motions are due thirty days from the date of the order. Docket No. 12 at 1.

years, the Court granted ten stipulations to continue trial, extending the pretrial motions deadline accordingly.  Docket Nos. 18, 20, 22, 27, 44, 50, 87.  In the parties' tenth stipulation to continue, which the Court granted, the parties agreed to reopen the pretrial motions deadline for the limited purpose of allowing Defendant until August 13, 2021 to file a potential motion to dismiss asserting a statute of limitations issue.  *See* Docket Nos. 86, 87.  Prior to this continuance, the pretrial motions deadline had been set for September 8, 2020.  Docket No. 50 at 6.  The Court granted an eleventh continuance of trial, but not the pretrial motions deadline, on January 20, 2022.  Docket No. 112.

On January 26, 2022, Defendant filed the instant motion to sever.  Docket No. 113.  Defendant submits that the offenses charged in the indictment were improperly joined under Federal Rule of Criminal Procedure 8(a).  *Id.* at 2-6.  Defendant submits that the United States appears to base its theory of joinder for count 1 and counts 2 through 4 of the indictment on the "same or similar character" prong of Rule 8(a), but that the indictment fails to allege facts sufficient to meet the standard for 8(a) joinder under the Ninth Circuit's precedent.  *Id.* at 4-5.

Defendant further asks the Court to use its discretion to sever count one from counts two through four to avoid a risk of prejudice that could arise if he was tried on the individual tax return offense and the corporate tax return offenses in the same trial.  *Id.* at 7-10.  Defendant submits that trying these offenses together invites the potential for the jury to cumulate the evidence against him, that the trial might involve evidence that is not cross-admissible between the offenses, and that conducting a trial on all counts frustrates his decision about whether to testify as to some of the counts alleged against him but not all of them.  *Id.* at 7-9.

Defendant submits that good cause exists to decide this motion, despite its untimeliness, because, on January 18, 2022, the United States provided memoranda of interviews with witnesses from offshore betting companies it intends to call for trial to testify as to the individual tax return count but not to the corporate tax return counts.  *Id.* at 10-11.  Defendant further submits that good cause exists because on January 12, 2022, the United States informed Defendant that it intends to introduce some of Defendant's prior individual tax returns, which counsel was not on notice about prior to this disclosure, and which would prejudice Defendant in trial related to the corporate tax

2

return offenses if the counts are tried jointly. *Id.* at 11-12. Defendant submits that these disclosures substantially changed the case, warranting a finding of good cause for the consideration of the instant motion. *Id.* at 12.

In response, the United States submits that joinder under Rule 8(a) is proper because the factors to properly join the four counts under the same or similar character prong of Rule 8(a) are satisfied. Docket No. 117 at 19-21. The United States further submits that the offenses are properly joined under the common scheme or plan prong of Rule 8(a) as a logical relationship exists between the four tax returns at issue, as demonstrated by the pattern of false withholdings present in all four of the returns underlying the charges. *Id.* at 21-24.

The United States further submits that severance is unwarranted because Defendant cannot establish the requisite showing of prejudice required by the applicable case law. *Id.* at 25-27. The United States submits that the possibility of testimony is not prejudicial enough to support severance, the evidence is all highly relevant and cross admissible for all four counts charged in the indictment, and Defendant fails to distinguish his case from other cases where criminal defendants face multiple charges and courts have found proper jury instructions to be enough protection against potential prejudice. *Id.*

Finally, the United States submits that no good cause exists for untimely consideration of the instant motion. *Id.* at 14-19. The United States submits that the information that Defendant alleges is new was actually given to him seven months prior to his indictment, was cited in prior filings, and was known to Defendant for nearly three years. *Id.* at 16, 18-19. The United States further submits that the only new information given to Defendant was a potential additional fact that several gambling companies did not want Defendant as a customer, which does not change the case substantially and is insufficient to establish good cause. *Id.* at 16-17.

In reply, Defendant submits that the United States fails to rebut his submission that joinder was improper by making a lackluster argument as to the common plan or scheme prong under 8(a) and by failing to properly apply the factors for the same or similar character prong of 8(a) as established by the case law. Docket No. 119 at 2-7. Defendant further submits that the United States fails to substantively address his arguments as to the risk of prejudice in a joint trial and

fails to both provide appropriate citations and specific analysis in support of its argument against severance. *Id.* at 8-10. Finally, Defendant submits that good cause exists to consider the instant motion because the information provided in January 2022 constitutes new information that has required Defendant to shift his theory of defense. *Id.* at 10-13.

## II. ANALYSIS

### A. Timeliness [2]

Under Federal Rule of Criminal Procedure 12(c)(1), a court may set a deadline for the parties to file pretrial motions. A motion filed after the pretrial motions deadlines has expired is untimely. Fed. R. Crim. P. 12(c)(3). However, "a court may consider the defense, objection, or request if the party shows good cause." *Id.*

The Court set the pretrial motions deadline in the instant case for September 8, 2020. *See* Docket No. 50. Defendant filed his motion to sever on January 26, 2022, well past that deadline. Docket No. 113. Therefore, the Court must first determine whether "good cause" for the delay exists under Federal Rule of Criminal Procedure 12(c)(3).

At the time of the filing of the instant motion, the pretrial motions deadline had been expired for over a year, with the brief exception for Defendant's motion to dismiss the indictment. Even if the Court were to consider the August 13, 2021 deadline for the motion to dismiss as the pretrial motions deadline, Defendant still waited six months to file the instant motion. Most of the information that Defendant submits substantially changes his case was in his possession for years. The United States provided the tax returns at issue on April 18, 2018. Docket No. 117-3 at 3. The original interview memoranda for the witnesses at question were provided to Defendant before he was indicted and were twice provided in discovery in 2018. Docket No. 117 at 11. Additionally, the United States indicated its reliance on the information provided by these witnesses in prior court filings. *See e.g.,* Docket No. 64.

---

[2] The parties attempt to litigate admissibility issues related to a pending motion *in limine*, Docket No. 116, throughout the briefing on whether good cause exists for the Court to consider the instant motion. The Court expresses no opinion on the merits of that motion in its decision on the instant motion.

4

Further, the Court finds that the information contained in the memoranda from the prior interviews and the new interviews is substantially the same. *See, e.g.,* Docket Nos. 117-1 at 4-5, 117-2 at 2-4, 117-4 at 2-3, 117-5 at 2-4. The memorandum from January 10, 2022, detailing the government's interview with Sam Kirschenbaum, contains one new piece of information, that Mr. Kirschenbaum had heard allegations that Defendant was involved in problems with other betting establishments and did not want him to be a member of his club. Docket No. 117-4 at 3. The memorandum from January 10, 2022, detailing the government's interview with Ed Comins, contains additional information about the background of Watch and Wager, his company which was previously known as Euro Off Track, the business circumstances at the time of the allegedly fraudulent individual tax return, and the business learning of allegations that Defendant was involved in problems with other betting establishments. Docket No. 117-5 at 2-4.

While there is some new information contained in these interview memoranda, it is not sufficiently new and distinct information to warrant a finding of good cause. The bulk of Defendant's arguments about joinder and severance are based on discovery that was provided by the United States to Defendant in 2018. The Court therefore finds that the instant motion is untimely. However, in the interest of justice, the Court will also examine the motion on its merits.

B. <u>Joinder</u>

Under Federal Rule of Criminal Procedure 8(a), a defendant can be charged "in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The validity of joinder under Rule 8(a) is determined "solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). The valid basis for joinder "should be discernable from the face of the indictment." *Id.* at 572-73. This requires the basis to be either readily apparent or reasonably inferred from the face of the indictment. *Id.* at 578. Rule 8 is "broadly construed in favor of initial joinder. . . ." *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971). At least one of the three conditions set forth in Rule 8(a) "must be satisfied for proper joinder." *Jawara*, 474 F.3d at 573. Here, the United States invokes

5

two of the three bases for joinder: that the counts were of the same or similar character and that the counts formed a common scheme or plan.

When the offenses are joined under the basis of being the same or similar character, the Ninth Circuit has identified six nonexhaustive factors for courts to consider. *Id.* at 578. Courts must consider: (1) the elements of the statutory offenses; (2) the temporal proximity of the acts; (3) the likelihood and extent of evidentiary overlap; (4) the physical location of the acts; (5) the *modus operandi* of the crimes; and (6) the identity of the victims. *Id.* "The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment." *Id.*

When the offenses are joined for being part of a common scheme or plan, courts assess whether the joined counts are logically related and whether there is a large area of overlapping proof. *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981) (citing *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970)).  This requires the Court to assess whether the "commission of one of the offenses either depended upon or necessarily led to the commission of the other; proof of the one act either constituted or depended upon proof of the other." *Jawara*, 474 F.3d at 574 (citing *United States v. Halper*, 590 F.2d 422, 429 (2d Cir. 1978)).  Joinder is proper when the Court finds that the offenses "grow out of related transactions." *Id.* (quoting *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)).

The Court finds that joinder is proper under Federal Rule of Criminal Procedure 8(a), as the *Jawara* factors weigh in favor of finding that the offenses are of the same or similar character. The four counts charged in the indictment are for violations of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). Docket No. 1. Proving a violation of any count would require satisfying the exact same statutory elements as any of the other counts. The corporate and individual tax returns mentioned in the indictment underlying the offenses relate to taxes for back-to-back calendar years, suggesting temporal proximity of the acts. *Id.* at 2. Temporal proximity is further suggested by the filing dates of the allegedly fraudulent documents, which are only months apart from one another. *Id.* The indictment alleges that all the false returns were "prepared, made, and signed in the District of Nevada and filed with the Internal Revenue Service,"

suggesting overlap between the physical location of the acts and the *modus operandi* of how the offenses were carried out. *Id*. Additionally, although the scope of the evidentiary overlap cannot be ascertained from the face of the indictment, it can be inferred that at least some of the evidence related to preparing a fraudulent individual tax return may also relate to the preparation of fraudulent corporate tax returns created around the same time. *Cf. United States v. Kimmell*, 2015 U.S. Dist. LEXIS 74472, at *9-10 (D. Nev. June 9, 2015).

The Court also finds that joinder is proper under Federal Rule of Criminal Procedure 8(a) under the common plan or scheme basis for joinder. The counts in the indictment all relate to allegedly fraudulent tax returns that Defendant "prepared, made, and signed in the District of Nevada and filed with the Internal Revenue Service." Docket No. 1 at 2. The indictment alleges that each return contained a false statement specifically regarding the amount of federal income tax that had been withheld in the calendar year to which the return related. *Id*. The count regarding a fraudulent individual tax return and the counts regarding fraudulent corporate tax returns required the same acts of creating and submitting tax documents. The temporal proximity of the four tax returns also bears on a finding that these acts were part of a common plan or scheme. The four returns were filed within a fifteen-month period and related to back-to-back calendar years. It is clear from the face of the indictment and the reasonable inferences therefrom that these charges all "grow[] out of related transactions." *Jawara*, 474 F.3d at 574. The Court finds that each of the allegations against Defendant "constitutes part of a common plan or scheme," making Rule 8(a) joinder proper on that basis.

Since the counts were properly joined under Federal Rule of Criminal Procedure 8(a), the Court will not exercise its discretion to sever count one of the indictment from counts two through four of the indictment on the basis of misjoinder.

C. <u>Severance</u>

Federal Rule of Criminal Procedure 14 gives the Court the discretion to order severance when it appears that joinder of offenses in an indictment appears to prejudice a defendant. Fed. R. Crim. P. 14(a). Rule 14 recognizes that even when charges are properly joined under Rule 8(a), severance might be appropriate. *United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986). The

defendant bears the burden of establishing undue prejudice of such a magnitude that, absent severance, he will be denied a fair trial. *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011); *see also United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978) (collecting cases and authorities requiring a strong showing of prejudice under Rule 14). This generally requires a showing that at least one of Defendant's substantive rights will be violated. *See United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987). "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). When exercising its discretion, the Court can "provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

      The Court finds that Defendant fails to meet his burden of establishing prejudice to such an extent that severance is warranted. Defendant's argument is centered on cumulation and spillover prejudice between the count regarding the individual tax return and the counts regarding the corporate tax returns. The situation and concerns Defendant raises are common in criminal trials where defendants are charged with more than one offense. There is no prejudice when the jury is instructed in a multiple charge criminal trial that they are obliged to consider each count individually. *See United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001). Jury instructions can neutralize the risk of prejudice from cumulative evidence and any spillover prejudice. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 847 (collecting cases); *see also United States v. Patterson*, 819 F.2d 1495, 1503 (9th Cir. 1987). Here, the jury will be given proper instructions as to each count and to compartmentalize the evidence relating to each charge. Defendant offers no evidence to suggest that the jury cannot be reasonably expected to follow jury instructions or to rebut the presumption that juries follow their instructions. *Zafiro*, 506 U.S. at 540 (quoting *Richardson v. Marsh*, 481 U.S. 200) (1987)).

      Defendant also submits that prejudice exists because a joint trial would frustrate his ability to elect to testify in his own defense, as some information about prior convictions would be admissible as to the individual tax return count but not as to the other counts. *See* Docket No. 113 at 9-10. "If a defendant seeks severance because he wishes to testify on some counts and not others, he must show that he has important testimony to give on some counts and a strong need to

8

1  refrain from testifying on those he wants severed." *United States v. Nolan*, 700 F.2d 474, 483 (9th
2  Cir. 1983) (citing *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980)). Here, Defendant
3  makes conclusory allegations that he would elect to testify for the counts related to the corporate
4  tax returns but not to the individual tax return if the charges were tried separately. Defendant fails
5  to provide the Court with specific information to allow it to determine whether the testimony is
6  important enough to justify severance. Such a showing is required to support a finding of prejudice
7  warranting severance. *See, e.g., Nolan*, 700 F.2d at 483; *United States v. Goldstein*, 2012 U.S.
8  Dist. LEXIS at *13-14 (D. Nev. Oct. 22, 2012).

9  Therefore, Defendant has not demonstrated prejudice to warrant severance under Federal
10 Rule of Criminal Procedure 14.

11 **III.     CONCLUSION**

12 Accordingly, for the reasons stated above, Defendant's motion to sever, Docket No. 113,
13 is hereby **DENIED**.

14 IT IS SO ORDERED.

15 Dated: March 3, 2022

_____
Nancy J. Koppe
United States Magistrate Judge