UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>ANTHONY UVARI,<br>    Defendant. | Case No. 2:18-cr-00253-APG-NJK<br><br>**ORDER**<br><br>[Docket No. 123] |

Pending before the Court is Defendant Anthony Uvari's emergency motion for discovery deadline. Docket No. 123. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 123, 128, 129. This matter is properly resolved without a hearing. *See* Local Rule 78-1.

Defendant asks the Court to use its inherent power to control its docket to impose a discovery deadline in this case, requiring the United States to provide defense counsel with any discovery it intends to use at trial on April 25, 2022, by no later than March 14, 2022. Docket No. 123 at 1, 3. The United States submits that Defendant's request runs counter to the statutory discovery deadlines, as well as the deadlines in the Government Disclosure Statement. *See* Docket No. 128.

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Over time, statutory and court-imposed rules and obligations have been established to govern discovery in criminal cases, including the Jencks Act, the Federal Rules of Criminal Procedure, and the disclosure obligations imposed by *Brady v. Maryland*, 373 U.S. 83, 83 (1963), and its progeny.

Rule 16 of the Federal Rules of Criminal Procedure governs criminal discovery and imposes discovery obligations on both the United States and the Defendant. The Court has the power to regulate discovery for good cause, including the ability to "deny, restrict, or defer discovery," to grant "other appropriate relief," and to "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d). *See also United States v, Grace*, 526 F.3d 499, 508-13 (9th Cir. 2008) (en banc) (recognizing that district courts have discretion to impose criminal discovery deadlines pursuant to Rules 2 and 16 and as part of their inherent authority to manage their dockets). The Court's power to impose such case management deadlines is discretionary, not mandatory. *Grace*, 526 F.3d at 508-09.

Defendant's request for a discovery deadline is primarily based on this Court's decision in another case to impose a discovery deadline two months before a criminal trial. Docket No. 123 at 3 (citing *United States v. Cassut*, 2:20-cr-00231-APG-NJK, ECF No. 81). Defendant provides no showing as to why the Court exercised its discretion in *United States v. Casutt* to impose a discovery deadline or why similar circumstances exist in this case to establish good cause for such a deadline. Defendant further fails to demonstrate why the Government Disclosure Statement, which was filed on September 7, 2018, should no longer govern the discovery in this case. Accordingly, Defendant's emergency motion for discovery deadline, Docket No. 123, is **DENIED**.

IT IS SO ORDERED.

Dated: March 9, 2022

                                        Nancy J. Koppe
                                        United States Magistrate Judge