UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>v.<br><br>ANTHONY UVARI,<br><br>　　　　Defendant | Case No.: 2:18-cr-00253-APG-NJK<br><br>**Order Granting in Part the Government's Motion in Limine Regarding Uncharged Tax Returns**<br><br>[ECF No. 116] |

　　The government alleges defendant Anthony Uvari submitted four false tax returns in 2012 and 2013, one for himself and three for his entities. ECF No. 1. The government moves to admit into evidence at trial four uncharged false tax returns Uvari submitted that are similar to the returns charged in the indictment. ECF No. 116. The government contends these uncharged false tax returns should be admitted as direct evidence that is inextricably intertwined with the charged conduct. Alternatively, the government argues this evidence is admissible under Federal Rule of Evidence 404(b) because it is evidence of Uvari's motive, intent, knowledge, and absence of accident or mistake.

　　As a general rule, relevant evidence is admissible unless otherwise proscribed. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Where relevant evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," I may exclude it. Fed. R. Evid. 403.

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, such evidence may be admitted if it bears on "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) is a rule of "inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only criminal disposition." *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977). The Ninth Circuit applies a four-part test when considering admissibility under Rule 404(b). The government must show that "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Martin*, 796 F.3d 1101, 1106 (9th Cir. 2015) (citation omitted).

However, "evidence that is inextricably intertwined with a charged offense is independently admissible and is exempt from the requirements of Rule 404(b)." *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) (internal quotations and citation omitted). Evidence may be inextricably intertwined where it either (1) "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) is necessary to "permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Loftis*, 843 F.3d 1173, 1178 (9th Cir. 2016) (internal quotations and citation omitted).

Here, the government seeks to introduce four individual tax returns Uvari filed for the tax years 2007-2010. It contends these returns show the same pattern of false gambling or interest payment withholdings that appears on Uvari's four charged returns. ECF No. 116 at 9-10.

These uncharged returns do not form parts of the same transactions charged and are not necessary to permit the government to offer a coherent story with regard to the charged returns. The charged transactions involve only those tax returns directly at issue in each count, and the false returns charged in those counts should be sufficient for the government to offer coherent stories of those criminal transactions. Evidence of uncharged false returns thus is not inextricably intertwined with the charged returns.

But evidence of the uncharged false tax returns is admissible under Rule 404(b). This evidence is relevant to the charges in that they tend to prove Uvari's lack of accident or mistake, given the repetition and similar use of false withholding statements. The uncharged returns tend to show that Uvari knew how, and intended, to falsify withholdings to obtain fraudulent refunds. And it demonstrates his motive, given the increasingly higher amounts submitted over time. Thus, these uncharged false tax returns tend to prove material points. They are not remote in time relative to the charged returns, and the evidence supports a finding that Uvari created or submitted these returns, based on their similarities to the charged returns.

The probative value of these uncharged returns is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or cumulativeness. And the government has provided Uvari with adequate notice of this evidence such that there is no unfairness or prejudice under Rule 404(b)(3). I will allow the government to admit these uncharged returns into evidence, provided it lays a sufficient foundation.

Finally, the government also seeks permission to offer evidence and testimony "that certain gambling establishments for which [Uvari] claimed withholdings in 2011 had, based on information received from third parties, proactively and permanently closed [Uvari's] accounts

no later than 2006, with the intention that he be banned." ECF No. 116 at 2. I agree with the government that such evidence is direct evidence of the falsity of Uvari's tax returns. The evidence suggests that Uvari did not and could not gamble at the establishments he claimed to have in his tax return charged in count 1. Thus, Rule 404(b) does not apply. *Loftis*, 843 F.3d at 1176. I will admit this evidence provided the government lays the proper foundation. However, as the government concedes, this evidence must be limited in scope to avoid running afoul of Rule 403. The government may offer testimony and evidence that two gambling establishments closed Uvari's accounts no later than 2006 after receiving information from third parties, and that closure was permanent for at least one establishment. But no evidence or testimony may be offered about Uvari's prior conviction, or what the gambling establishments were told about Uvari that led to his ban. If Uvari requests a limiting instruction that the jury is not to speculate about the reasons he was banned, or a similar instruction, I will issue one.

      I THEREFORE ORDER that the government's motion in limine **(ECF No. 116) is GRANTED in part as set forth above**.

      DATED this 14th day of March, 2022.

                                  ANDREW P. GORDON
                                  UNITED STATES DISTRICT JUDGE