1
2
3
4   **UNITED STATES DISTRICT COURT**
5   **DISTRICT OF NEVADA**
6
7   UNITED STATES OF AMERICA,
             Plaintiff,                          Case No. 2:18-cr-00253-APG-NJK
8
    v.                                                    **ORDER**
9                                                    [Docket No. 132]
    ANTHONY UVARI,
10            Defendant.

11        Pending before the Court is the United States' motion for *in camera* inspection.  Docket

12   No. 132.  *See also* Docket No. 118 (Defendant's motion to compel seeking, in part, disclosure of

13   the files at issue in the instant motion).  The United States seeks *in camera* review of whether the

14   case files for *United States v. Jelinsky*, 2:09-cr-00028-RLH-GWF, and *United States v. Jacktrade,*

15   *LLC*, 2:12-cr-00401-GMN-PAL, are discoverable under *Brady*.  Docket No. 132 at 1.  The Court

16   has considered the United States' motion, Defendant's response, and the United States' reply.

17   Docket Nos. 132, 133, 136.

18        The Local Rules require a good faith meet and confer effort before coming to the Court

19   with any criminal discovery dispute.  Local Criminal Rule 16-1(c).  To adequately meet and confer

20   under the Local Rules, the parties must "communicate directly and discuss in good faith the issues"

21   through "direct dialogue and discussion."  Local Rule IA 1-3(f).  The movant must "certify that,

22   despite a *sincere effort* to resolve . . . the dispute . . . the parties were unable to resolve . . . the

23   dispute without court intervention.  Local Rule IA 1-3(f)(2) (emphasis added).  Failure to properly

24   meet and confer prior to filing a motion with a meet and confer requirement "may result in the

25   denial of the motion."  Local Rule IA 1-3(f)(4).

26        Based on the parties' submissions to the Court, the United States has failed to establish that

27   there was a sincere effort to meet and confer on the underlying motion for *in camera* review.  The

28   information that the United States submits to the Court is that the parties "met and conferred" twice

about the motion but "were unable to come to an agreement."  Docket No. 132 at 2 n.1.  By the United States' own submissions, the conversations were limited to stipulating to allow *in camera* review of the files at issue.  Docket No. 136 at 1.  Defendant provides further information that the United States refused to participate in any meaningful discussion about the underlying dispute.  Docket No. 133.  The United States' motion therefore suffers from a threshold defect in that no proper meet and confer occurred.  Accordingly, the United States' motion for *in camera* inspection is hereby **DENIED**.  Docket No. 132.

Even if the parties had properly met and conferred, the Court would still deny the instant motion.  The Court is never required to conduct an *in camera* review of the United States' files for *Brady* evidence that is favorable to Defendant.  *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) (citing *United States v. Michaels*, 796 F.2d 1112, 1116 (1986)).  *See also United States v. St. Luke's Subacute Care Hosp., Inc.*, 178 Fed.App'x. 711, 715 (9th Cir. 2006).  Moreover, "[i]t is the government, not the defendant or the trial court, that decides *prospectively* what information, if any, is material and must be disclosed under *Brady*."  *United States v. Lucas*, 841 F.3d 796, 807 (9th Cir. 2016) (emphasis in original).

Accordingly, the Court **DENIES** without prejudice the United States' motion for *in camera* review.  Docket No. 132.

IT IS SO ORDERED.

Dated: March 16, 2022

Nancy J. Koppe
United States Magistrate Judge