# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY UVARI,<br><br>    Defendant. | Case No. 2:18-cr-253-APG-NJK<br><br>**Protective Order**<br>**Regarding Protected Files** |

IT IS HEREBY STIPULATED AND AGREED, by and between Christopher Chiou, Acting United States Attorney, and Eric C. Schmale, Assistant United States Attorney, counsel for the Government, and Maggie Lambrose, Assistant Federal Public Defender, counsel for Defendant Anthony Uvari, that this Court issue this Protective Order, which (as outlined herein) protects from disclosure portions of the U.S. Attorney's Office files that are subject to inspection by the defense in accordance with this Court's prior order (ECF No. 147) and the parties agreement, and any other documents which the parties may subsequently agree (or the Court may subsequently order) are to be treated subject to this protective order.

Pursuant to this Stipulation, the parties state and agree, and request the Court enter an order, as follows:

1. As used herein, the term Protected Files refers to the portions of the U.S. Attorney's Office case files for *United States v. Jelinsky* (2:09-cr-28-RLH-GWF) and *United States v. Jacktrade* (2:12-cr-00401-GMN-PAL) that were ordered disclosed by the Court (*see* ECF No. 147), and the equivalent portions of the U.S. Attorney's Office file for the Rule 5 proceeding involving the defendant in *United States v. Uvari*, Case No. 2:05-mj-024-PAL, and any other documents which the parties may subsequently agree in writing (or that the Court may order) are to be disclosed in accordance with the terms of this Order.

2. Given the nature of the charges against the defendant, the potential defenses, and the possible witnesses, the Court has ordered that the defense have opportunity to inspect the Protected Files. Because of the sensitive nature of U.S. Attorney's Office case files, the parties agree to abide by the conditions in this Protective Order.

3. Defense counsel may arrange a time to visit the U.S. Attorney's Office to inspect the Protected Files;

4. Review of the Protected Files in the U.S. Attorney's Office will be restricted to defense counsel of record.

5. Defense counsel may flag relevant pages of the Protected Files for copies to be made by the U.S. Attorney's Office.

6. The government will then copy, bates number, and produce such pages from the Protected Files in discovery.

7. Any excerpts from the Protected Files that include references to confidential or anonymous sources (even if not identified by name, and including any allegations that an individual is a government source) shall be labeled "Confidential Source Protected File

Excerpts," and access to these pages shall be limited to defense counsel of record (and their paralegals, investigators, experts, secretaries, file clerks, law clerks, contractors, vendors, IT Department, and copy centers employed by the attorneys of record or performing work on behalf of the Defendant) and any person authorized by the Court (hereinafter referred to collectively as Authorized Persons). The defendant is not an Authorized Person.

8. Unless ordered by the Court, an Authorized Person shall not:

   a. make copies of any Confidential Source Protected File Excerpts (or permit copies to be made) for any person that is not an Authorized Person;

   b. allow any person who is not an Authorized Person to read any Confidential Source Protected File Excerpts;

   c. disclose any pages from the Confidential Source Protected File Excerpts (or the content thereof) to any person who is not an Authorized Person; and

   d. use any Confidential Source Protected File Excerpts for any purpose other than preparing to prosecute or defend against the charges in the indictment or any further superseding indictment arising out of this case.

9. Any Authorized Person disclosing Confidential Source Protected File Excerpts to another Authorized Person pursuant to this Protective Order, or any other Court Order, must notify them of the existence and terms of this Protective Order.

10. The restrictions herein shall not restrict the use, copying, or introduction of any Confidential Source Protected File Excerpts during any hearing or trial of this matter, except that defense counsel must give the government opportunity to object to the introduction of such evidence. The defense further agrees to file under seal any court filings referencing or attaching Confidential Source Protected File Excerpts, unless otherwise agreed upon by the government.

11. Within a reasonable time after conclusion of this action (not to exceed 30 days after the last appeal is final), counsel for the Defendant shall destroy all Confidential Source Protected File Excerpts.

12. Excerpts from the Protected Files that are provided in discovery and do not reference confidential or anonymous sources shall be labeled "Protected File Excerpts" and treated in the same manner as the Confidential Source Protected File Excerpts as outlined above, except that defense counsel may disclose the contents of Protected File Excerpts to the defendant, and the defendant may be permitted to read such Protected File Excerpts at the office of defense counsel.

DATED this 3rd day of May, 2022.

Respectfully submitted,

CHRISTOPHER CHIOU
United States Attorney

/s/Maggie Lambrose
MAGGIE LAMBROSE
Assistant Federal Public Defender
Counsel for Defendant
Anthony Uvari

/s/ Eric Schmale
ERIC C. SCHMALE
Assistant United States Attorney

**ORDER**

IT IS SO ORDERED this  3rd  day of  May , 2022.

_____
HONORABLE NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

4