UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff<br><br>v.<br><br>ANTHONY UVARI,<br><br>   Defendant | Case No.: 2:18-cr-00253-APG-NJK<br><br>**Order Granting in Part Motion to Compel**<br><br>[ECF No. 150] |

Defendant Anthony Uvari moves to compel three categories of documents:

(1) Investigative files, memos, emails, and communications pertaining to criminal investigations initiated by the United States Attorney's Office for the District of Nevada (USAO DNV) against Mr. Uvari, including all information pertaining the Rule 5 file from the New York case in *United States v. Uvari*, Case No. 2:05-mj-024-PAL.

(2) The Special Agent Report (SAR) prepared in this case pertaining to Mr. Uvari and Mr. Carroccio.

(3) The IRS Criminal Investigation (CI) files that the government now acknowledges it has not provided pertaining to Mr. Uvari and Mr. Carroccio.

ECF No. 150.  The Government objects to producing these documents, but admits that in responding to the motion it has uncovered more potentially discoverable documents. ECF No. 175 at 4.

**The U.S. Attorney's Office files and the IRS CI files**.

The Government contends that it "has produced or made available all discoverable information for all the U.S. Attorney's Office investigations in which [Mr. Uvari] was a named target," so there is nothing further to produce. *Id.* at 7.  In preparing its response to the motion to

compel, the Government found and disclosed an additional letter regarding Mr. Carroccio (ECF No. 175 at 12 n.9) and "an additional fact related to relevant conduct" (*Id.* at 10 n.8). It also "received information of an additional investigation . . . conducted in part by IRS-CI and the U.S. Attorneys' Office for the District of Nevada . . ." that it refers to as Investigation C. *Id.* at 4.

It is troubling that the Government continues to find new documents in response to Mr. Uvari's motions. I have reminded the Government before, in this and other cases, of its obligation to actively review its files (including those of related agencies) for discoverable information without waiting for a motion to compel. Mr. Uvari's suspicions about the Government's lack of diligence in doing so do not seem unfounded. But more than suspicion is required to support a motion to compel the Government to turn over its files.

I understand that the Government is currently reviewing additional documents to determine whether they must be produced. The Government shall conduct another search of its files, including those of the IRS-CI, and produce discoverable documents by June 17, 2022. To that extent, the motion is granted.

**The Special Agent Report**

The Government objects to producing the SAR because it is protected by Rule 16(a)(2) of the Federal Rules of Criminal Procedure and the work-product doctrine.

"[A] government agent's work on behalf of a federal prosecutor can be protected as work product." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 169 F. Supp. 3d 54, 59 (D.D.C. 2015), *aff'd sub nom. United States v. All Assets Held at Bank Julius*, No. 1:04-CV-00798 (PLF), 2016 WL 11609892 (D.D.C. Jan. 12, 2016) (citing *United States ex rel. Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419 (D.D.C. 2014)). I do not have enough information to determine whether the SAR was "prepared for use by the Government's attorneys to decide

whether and what charges to bring against" Mr. Uvari. *Id*. Thus, I cannot find at this time that the work-product doctrine applies.

However, Rule 16(a)(2) shields from discovery "reports, memoranda, or other internal government documents made by [a] government agent in connection with investigating or prosecuting the case." The rule applies to SARs. *See Youngblood v. Commissioner*, 2000 WL 852449 *13 (C.D. Cal. March 6, 2000) (Rule 16(a)(2) precludes production of an SAR prepared by special agent who investigated potential criminal tax case); *United States v. Koskerides*, 877 F.2d 1129, 1134 (2d Cir. 1989) ("analysis of tax liability" in an SAR was protected from discovery by Rule 16(a)(2)).

The Government admits that this shield must yield if production is required under the Jencks Act or *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 175 at 5, 9. "Under *Brady*, the government must disclose information favorable to the accused that is material either to guilt or to punishment." *United States v. Lucas*, 841 F.3d 796, 807 (9th Cir. 2016) (quotation and citation omitted). "It is the government, not the defendant or the trial court, that decides *prospectively* what information, if any, is material and must be disclosed under *Brady*. . . . *Brady* does not permit a defendant to sift through information held by the government to determine materiality." *Id*. (emphasis in original). "Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).

The Government argues that "[a]ll of the evidence in the exhibits used as a basis for the report was already disclosed in discovery[, and the Government disclosed] the agent's conclusions" regarding which charges should be filed against which individuals. *Id.* at 10. Thus, Mr. Uvari's contention that he must review the SAR to glean unprivileged facts is moot. *Bank*

3

*Julius Baer & Co., Ltd.*, 169 F. Supp. 3d at 59 (because no facts in an SAR had been withheld under any objection or privilege, the request for factual material contained in the SAR is moot).

I THEREFORE ORDER the Government to again conduct a diligent search for discoverable information, and to produce all such documents and material by June 17, 2022.

DATED this 26th day of May, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE