1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

8  UNITED STATES OF AMERICA,

9          Plaintiff,

10  v.

11  ANTHONY UVARI,

12          Defendant.

Case No. 2:18-cr-00253-APG-NJK

**ORDER**

[Docket Nos. 156, 159, 172, 173]

13          Pending before the Court is a motion to quash subpoena *duces tecum* filed by non-party Ed

14  Comins.  Docket No. 156.  Also pending before the Court is a motion to quash subpoena filed by

15  the bankruptcy trustee for non-party Racing Services, Inc.  Docket No. 159.

16     **I.     BACKGROUND**

17          Defendant is charged with various counts of making and subscribing false tax returns, in

18  violation of 26 U.S.C. § 7206(1).  Docket No. 1.  The indictment alleges that Defendant falsely

19  claimed that federal income tax had been withheld on his individual tax return for the year 2011,

20  two corporate tax returns for the year 2010, and one corporate tax return for the year 2011.  *Id.* at

21  2.  Trial is currently set for December 5, 2022.  Docket No. 183.  On April 1, 2022, the Court

22  granted in part Defendant's motion for issuance of subpoenas pursuant to Federal Rule of Criminal

23  Procedure 17, allowing subpoenas to be issued to Churchill Downs, Watch and Wager, Elite Turf,

24  and Racing Services, Inc.  Docket No. 148.  *See also* Docket No. 145 (Defendant's motion for

25  issuance of subpoenas).

26     **II.    STANDARDS GOVERNING SUBPOENAS**

27          Federal Rule of Criminal Procedure 17 governs the issuance of subpoenas in criminal

28  cases.  Rule 17 is not a discovery device but provides a mechanism to obtain evidentiary materials.

*See United Sates v. Sellers*, 275 F.R.D. 620, 622-23 (D. Nev. 2011).  A party seeking a pretrial subpoena duces tecum must seek leave of court and the Court may, in its discretion, require the pretrial production of the requested documents if good cause for pretrial production is established. *Id.* at 623 (citations omitted).  Here, the Court has already established that good cause for pretrial production of the requested documents exists.  *See* Docket No. 148.  In doing so, the Court found that the requested documents are relevant, not otherwise procurable by defendant before trial, necessary for preparing for trial, and that the information sought was made in good faith and not as a general fishing expedition.  *Id.* at 2-3.

The district court "may quash or modify" a subpoena if "compliance would be unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(2).  Generally, courts may find a subpoena is unreasonable or oppressive if it is irrelevant, abusive or harassing, overly vague, or excessively broad.  *See In re Grand Jury Subpoena (THCF Med. Clinic Records)*, 504 F.Supp.2d 1085, 1088 (E.D.Wash. 2007).  Courts should also quash or modify Rule 17(c) subpoenas if they seek privileged materials.  *United States v. Reyes*, 293 F.R.D. 591, 598 (N.D.Cal. 2006) (citing *United States v. Tomison*, 969 F.Supp. 587, 597 (E.D.Cal 1997)).  The Rule 17(c)(2) inquiry is a "discretionary, case-by-case inquiry," that "cannot sensibly be converted into a mechanical rule," or set of factors.  *United States v. Bergeson*, 425 F.3d 1221, 1225-26 (9th Cir. 2005).  This inquiry is the same whether the individual challenging the subpoena is a party or non-party.  *See* Fed. R. Civ. P. 17(c)(2) advisory committee's note to 2008 amendment.  The decision of whether to enforce a pretrial subpoena *duces tecum* is "committed to the sound discretion of the trial court." *United States v. Nixon*, 418 U.S. 683, 702 (1974).

### III.   COMINS WATCH AND WAGER SUBPOENA

Non-party Ed Comins, in his role as president of WATCHANDWAGER.COM ("WAW"), filed a motion to quash the subpoena *duces tecum* he received.  Docket No. 156.  The Court has considered Comins' motion, Defendant's response, the United States' response,[1] and Comins'

---

[1] The Court **DENIES** Defendant's motion to strike the United States' response.  Docket No. 173; *see also* Docket No. 174 (corrected image).  To the extent Defendant seeks to strike the response to the instant motion and the pending motion to quash the non-party subpoena issued to Racing Services, Inc., Docket No. 166, such request is in line with the Court's prior order.  Judge Gordon specifically ordered that both the United States and Defendant could have an opportunity

reply.[2]  Docket Nos. 156, 166, 167, 171.  The contested subpoena requires Comins to provide a copy of his complete files, a basis for not producing certain information that is responsive to the subpoena, a certificate of a custodian of records, and all information he has relied upon, or will rely upon, while preparing testimony in the instant case, including all policies and procedures, client lists, and client files.  Docket No. 145-2 at 2.  The subpoena further requires a certificate of destruction for any documents destroyed or purged.  *Id.*

       a.  <u>The parties' submissions</u>

       Comins asks the Court to quash the subpoena for three reasons.  Docket No. 156.  First, Comins submits that compliance with the subpoena is unreasonable, as the requests for documents are vague and overly broad.  Docket No. 156 at 2.  Comins submits that the requested information is not specific and, given that he is unaware of what testimony will be elicited at trial if he is called as a witness, he has no guidance to tailor any production to those topics only.  *Id.* at 2-3.  He submits that the subpoena requires him to produce "employee handbooks, human resource policies and other company documents" that are both irrelevant and unduly burdensome to produce.  *Id.* at 3.  Comins next submits that the subpoena requests confidential information.  *Id.* at 3-4.  He submits that WAW has a substantial interest in nondisclosure as the subpoena requires him to produce "every customer name, bank account, betting history, [and] other extremely confidential information," which outweighs Defendant's interest in the requested items.  *Id.* at 4.  Comins submits that the certificate of destruction is not required as the subpoena cites Nevada provisions creating obligations for governmental entities, not private companies.  *Id.* at 5.  Finally, Comins

---

to file a response to any non-party objection to any of Defendant's subpoenas.  Docket No. 154. Defendant has not shown that he has suffered prejudice from the filing of the response.  *See, e.g.*, *United States v. Coppola*, 2014 U.S. Dist. LEXIS 59214, at *1 (D. Nev. Apr. 24, 2014).  Finally, the Court is not convinced by Defendant's arguments that the Court strike the filing because it raises challenges to the other issued subpoenas that have not been challenged.  At most, the inclusion of these arguments is irrelevant to the instant disputes.  The Court is not convinced that the United States has standing on its own to contest the subpoenas at issue.  However, the Court will assume for the purpose of the two instant motions that the United States has limited standing to challenge the subpoenas in line with the arguments put forth by the non-parties.  *Cf. United States v. Johnson*, 2014 U.S. Dist. LEXIS 159788, at *8-10 (N.D. Cal. Nov. 13, 2014) (government has limited standing to challenge subpoena when non-party files joinder to motion to quash).

    [2] Although Comins' reply to the instant motion was untimely, the Court, in its discretion will consider the reply.  Accordingly, Defendant's motion to strike, Docket No. 172, is **DENIED**.

asks the Court to alternatively narrow the subpoena requests if it is not inclined to quash the subpoena in its entirety. *Id.* at 6.

In response, Defendant asks the Court to deny Comins' request. Docket No. 167. Defendant submits that Comins fails to demonstrate that compliance with the subpoena is unreasonable or oppressive, as required by Federal Rule of Criminal Procedure 17. *Id.* at 4-8. Defendant further submits that the Court, in granting his request for subpoenas, applied precedent and found that the subpoenas met the requirements of specificity, relevance, and admissibility. *Id.* at 5. Defendant submits that the subpoena is specific and relevant, as it is a "specific request for information related to Ed Comins' testimony as a key witness for the prosecution" in the upcoming criminal trial and the information sought, specifically about the business practices and record keeping are clearly relevant. *Id.* at 6. Defendant further submits that Comins' point that he is unaware of what testimony might be elicited from him is disingenuous, as he interviewed with the United States, and the memorandum of his interview contains the facts and information likely to be sought from him. *Id.* at 7-8. Defendant submits that WAW's policies and procedures are relevant, as set forth in his motion for the issuance of subpoenas, and that Comins fails to show that producing them is burdensome or excessive. *Id.* at 8.

Defendant next submits that Comins' confidentiality argument fails as he does not show how this request is unduly burdensome or how any confidential client information would be revealed. *Id.* at 8-9. Defendant submits that he would agree to redaction of any private information as he is not interested in third-party confidential information but, rather, in "inspect[ing] files related to his defense from a key witness." *Id.* at 9 n. 25. Finally, Defendant submits that Comins, as a recipient of a Court-approved subpoena, has an obligation to properly review all relevant files and to certify the non-existence of documents that would be responsive to the subpoena. *Id.* at 9-10.

The United States filed a response, asking the Court to grant Comins' motion to quash or, alternatively, to deem the subpoena satisfied. Docket No. 166. The United States submits that the subpoena requests categories of documents instead of specific documents, contains no date limitation to limit the documents being sought to a relevant period of time, and seeks impeachment

1    evidence. *Id.* at 4-6. The United States further submits that the request for a certificate of

2    destruction is inappropriate, as WAW is not a governmental entity. *Id.* at 5-6. The United States

3    submits that the subpoena impermissibly impinges on the privacy rights of WAW clients and its

4    proprietary policies, and that Defendant could have narrowed his requests to protect such interests.

5    *Id.* at 6-7. Finally, the United States submits that, should the Court uphold the subpoena in part or

6    whole, responding to it is unreasonable and oppressive as WAW has hundreds of files and sifting

7    through them is burdensome. *Id.* at 7-8.

8         In reply, Comins submits that that the subpoena is overbroad and excessive because it

9    contains no language that limits the scope of the request for WAW's entire file. Docket No. 171

10   at 1-2. Comins submits that many of the requested files are irrelevant and that compliance would

11   require the disclosure of many policies from time frames outside the scope of the instant criminal

12   proceedings. *Id.* at 2. Comins further asks the Court to quash the requirement for a certificate of

13   destruction because, as written, the statute only applies to government entities and is not applicable

14   to a gambling organization. *Id.* at 2-3. Finally, Comins submits that, as a nonparty, any

15   involvement in this criminal prosecution is burdensome and, therefore, asks the Court to quash the

16   subpoena in its entirety. *Id.* at 3.

17        b. <u>Analysis</u>

18        The Court finds that, to the extent that the subpoena could be read as requiring WAW to

19   disclose every file related to its business operation, such a request must be quashed or modified.

20   Businesses have many kinds of documents related to their operation, many of which contain

21   significant amounts of information that are irrelevant to the case at hand. However, cognizant of

22   Defendant's right to prepare a defense, the Court will modify the subpoena.[3]

23        In his motion requesting the subpoenas, Defendant submitted that his request was tailored

24   to 2009 to 2012 based on the needs of his case. Docket No. 145 at 6. Accordingly, the Court

25

---

26        [3] The Court is not convinced by Comins' unsupported submission that any involvement in
a criminal case is automatically burdensome. Such a representation is contrary to his involvement

27   as a witness who has participated in the investigations behind the instant case and has interviewed
multiples times with the United States, and he cites no authority to warrant such a finding by the

28   Court.

modifies the subpoena to require WAW to produce only its customer lists and business policies and practices related to recordkeeping from 2009 to 2012.  In line with Defendant's submission, WAW can produce client lists with redactions of private information.  *See* Docket No. 167 at 9 n. 25.  Comins is not required to provide a certificate of non-existence, as no authority for requiring one has been provided to the Court.

## IV.   RACING SERVICES, INC. SUBPOENA

Non-party Kip M. Kaler,[4] in his role as bankruptcy trustee for Racing Services, Inc., asks the Court to quash the subpoena issued to Racing Services, Inc.  Docket No. 159.  The Court has considered Kaler's motion, Defendant's response, the United States' response, and Kaler's reply. Docket Nos. 159, 165, 166, 170.  The contested subpoena requires Kaler to provide a copy of Racing Services, Inc.'s complete files, a basis for not producing certain information that is responsive to the subpoena, a certificate of a custodian of records, and all information he has relied upon, or will rely upon, while preparing testimony in the instant case, including all policies and procedures, client lists, and client files.  Docket No. 145-3 at 2.  The subpoena further requires a certificate of destruction for any documents destroyed or purged.  *Id.*

a.   The parties' submissions

Kaler asks the Court to quash the subpoena as, he submits, complying with the subpoena requires significant work and is grossly excessive.  Docket No. 159.  Firstly, Kaler submits that some of the documents requested in the subpoena include material that is privileged as both attorney work product and as attorney client communications.  *Id.* at 2.  Kaler submits that, pursuant to a 2004 bankruptcy case to which he was appointed, he initially had in his possession 879 boxes of records related to Racing Services, Inc.  *Id.* at 3.  Kaler submits that, in 2020, he returned all but 72 of these boxes to the former principal of the company and that the boxes he retains contain highlights and annotations from his role as trustee.  *Id.*  He also maintains an itemization of the records as he initially received them, which he provides to Defendant and the Court.  *Id.* at 3, 6-13.  Kaler submits that he has "literally thousands of documents, notes, emails,

---

[4] As Mr. Kaler filed his motion to quash and related filings *pro se*, the Court construes his filings liberally.  *United States v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) (citations omitted).

and other things," in his file as the bankruptcy estate attorney and that virtually none of them relate to Defendant. *Id.* at 3. Kaler submits that he was unaware of Defendant before speaking to an IRS investigator in 2020 and is unaware of how he might find references to him in Racing Services, Inc.'s files other than looking for its big bettor reports, which include information collected on individuals who won $602.80 or more. *Id.* Kaler submits that being required to provide all his records as bankruptcy trustee is grossly excessive as the majority of Racing Service, Inc.'s records relate to business operations and Defendant would only potentially be represented on a few individual wager documents. *Id.* at 4. He submits that complying with this subpoena would take hundreds of hours and asks the Court for relief from compliance. *Id.* at 4-5. Kaler submits that he is willing to make available the individual wager records at his office for any party to search through. *Id.* at 5.

In response, Defendant asks the Court to deny Kaler's motion to quash the subpoena as Kaler fails to establish that complying with the subpoena is burdensome or oppressive. Docket No. 165. Defendant submits that Kaler is required to include an affidavit describing the extent of any burden, which he has not done, and that he has not reviewed all the files covered by the subpoena. *Id.* at 4. Defendant submits that Kaler's representations about the time it would take to locate files relevant to the subpoena are undermined by his submission that he has a detailed inventory of all the records, which would streamline the search process and undermines his representations that the request is oppressive or burdensome. *Id.* at 4-5. Defendant further submits that Kaler fails to certify the non-existence of the requested items and asks the Court to require such certification. *Id.* at 6.

In its response, the United States asks the Court to either quash the Racing Services, Inc. subpoena or deem it satisfied by the documents already produced by Kaler. Docket No.166. The United States submits that the subpoenas request categories of documents instead of specific documents, contain no date limitation to limit the documents being sought to a relevant time period, and seek impeachment evidence. *Id.* at 4-6. The United States further submits that the request for a certificate of destruction is inappropriate, as Kaler is not a governmental entity. *Id.* at 5-6. The United States next submits that the subpoenas impermissibly impinge on the privacy

rights of the organization's clients and the proprietary policies of the organization, and Defendant could have narrowed his requests to protect such interests. *Id.* at 6-7. Finally, the United States responds that, should the Court uphold the subpoenas in part or whole, responding to them is unreasonable and oppressive as Racing Services, Inc. has hundreds of files and sifting through them is burdensome. *Id.* at 7-8.

In reply, Kaler submits that he is "only the bankruptcy trustee" for Racing Services, Inc., not an officer or employee, and that any documents in his possession he believes are responsive to the proceedings have been provided to both Defendant and the United States. Docket No. 170 at 1. Kaler further submits that he is unable to provide either a certificate of a custodian of records or destruction as he cannot verify how records were created or maintained before he received them from Racing Services, Inc. or whether those records he returned still exist. *Id.* at 1-2. He further submits that Defendant's name appears on big bettor reports for 2001 and 2002 and that no records created after June 2004 relate to Defendant. *Id.* at 3-4. Kaler submits that he was informed in his conversations about preparing his testimony that Defendant reported gambling transactions with Racing Services, Inc. around 2012, which would be impossible as Racing Services, Inc. "did not do any business and conducted no gambling since June 2004." *Id.* at 5. Kaler submits that a review of his records only uncovered the big bettor reports. *Id.* Finally, Kaler submits that he searched nine boxes of individual betting tickets from before June 2004 and that none of the tickets relates to Defendant. *Id.* at 5-6.

b.  Analysis

The Court finds that, to the extent that the subpoena requires Kaler to disclose his entire file, such a request is overbroad and must be quashed or modified as compliance would be unreasonable and oppressive. Kaler possesses hundreds of files, the vast majority of which are unrelated to Defendant's upcoming trial or to Defendant at all. A review of the inventory list Kaler provides demonstrates that most of the files he maintains relate to accounting, payroll, and financial operation practices of the organization when it was operational. Moreover, Kaler only personally possesses 72 of Racing Services, Inc.'s boxes. Kaler no longer maintains most of the files and cannot provide any information regarding the continued existence or destruction of any

particular file or document outside of his control.  The Court, therefore, will not require Kaler to provide the entirety of Racing Services files, which would be impossible, or to provide a certificate of destruction or any further sworn declaration regarding the existence of any documents.

The Court is, however, cognizant that Defendant has a right to adequately prepare a defense for trial.  The Court therefore modifies the subpoena issued to Racing Services, Inc. to require the production of only its business policies and practices about recordkeeping that are contained within the boxes Kaler maintains.[5]  The Court finds that Kaler has already satisfied the customer list requirements by disclosing the big bettor lists to both parties.  The Court finds that complying with the rest of the modified subpoena does not appear unreasonable and oppressive at this juncture. To the extent that the inventory provided to the parties and Court indicates that boxes Kaler still maintains contain policies and procedures related to Racing Services, Inc., that information must be produced, as set forth in the Court's order at Docket No. 148.  Kaler can use the inventory to guide his search to the relevant information, which should streamline the burden associated with this production.

## V.    CONCLUSION

Accordingly, for the reasons set forth more fully above:

IT IS ORDERED that non-party Comins' motion to quash subpoena duces tecum, Docket No. 156, is **GRANTED in part and DENIED in part.**  Comins must comply with the subpoena no later than September 16, 2022, in the manner set forth in Docket No. 148.

IT IS FURTHER ORDERED that non-party Racing Services, Inc. motion to quash subpoena duces tecum, Docket No. 159, is **GRANTED in part and DENIED in part**.  Kaler must comply with the outstanding portions of his subpoena no later than September 16, 2022, in the manner set forth in Docket No. 148.

---

[5] In his motion requesting the subpoenas, Defendant submitted that his request was tailored to 2009 to 2012 based on the needs of his case.  Docket No. 145 at 6.  The parties are in agreement that Racing Services, Inc. went bankrupt before this time frame.  Accordingly, instead of limiting the request temporally to this period, the Court limits the temporal period to the policies in effect at the time Racing Services, Inc. declared bankruptcy, as those were the final operational policies.

IT IS FURTHER ORDERED that Defendant's motions to strike, Docket Nos. 172 and 173, are **DENIED.**

IT IS SO ORDERED.

Dated: August 19, 2022

Nancy J. Koppe
United States Magistrate Judge