# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br>v.<br>ANTHONY UVARI,<br>　　Defendant. | Case No. 2:18-cr-00253-APG-NJK<br>**Order**<br>(Docket Nos. 222, 225) |

Pending before the Court is the United States' motion to redact Defendant's motion to dismiss for outrageous government conduct and exhibits. Docket No. 225. Defendant filed a response, Docket No. 235, to which the United States replied, Docket No. 237. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons more fully discussed below, the United States' motion is **GRANTED.**

**I.    PROCEDURAL BACKGROUND**

This motion's procedural background is atypical and requires some explanation. On September 15, 2022, Defendant filed a motion to dismiss for outrageous government conduct, along with attached exhibits. Docket Nos. 194, 196. The exhibits were accompanied by a motion to seal, Docket No. 195; however, the motion to dismiss itself was filed unsealed and unredacted, Docket No. 225 at 2. The same day the motion to dismiss was filed, the United States contacted Defendant's counsel to request that the motion be filed under seal. *Id.* Defendant filed a motion to seal the motion to dismiss that same evening.[1] Docket No. 198. The Court denied both motions to seal, Docket No. 199, and required Defendant to refile the motions addressing the applicable

---

[1] Defendant's renewed motion to dismiss the indictment was also filed and subsequently sealed on September 15, 2022. Docket No. 197. Defendant submits that the renewed motion was sealed based on a miscommunication with the Clerk's Office, and that he does not wish to keep the renewed motion sealed. Docket No. 222 at 4. The United States also does not seek to have the renewed motion sealed or redacted. Docket No. 225 at 7. Accordingly, the filing at Docket No. 197 will be unsealed.

standards under *Kamakana v. City and County of Honolulu*. 447 F.3d 1172 (9th Cir. 2006). Defendant subsequently informed the United States that he believed that, except for the requirements of Federal Rule of Criminal Procedure 49.1, no reason existed to seal or redact any portion of his motion to dismiss or the accompanying exhibits. Docket No. 225 at 3. On the deadline to file the renewed motions to seal, Defendant instead filed a motion seeking to withdraw both sealing motions. Docket No. 222. A motion to redact Defendant's motion to dismiss and exhibits was filed; however, it was filed by the United States and not Defendant. Docket No. 225.

**II.  STANDARDS**

The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana*, 447 F.3d at 1179. Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). The sealing of dispositive motions and related documents is evaluated under a "compelling reasons" standard. *Kamakana*, 447 F.3d at 1179. "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes…." *Id.* (quoting *Nixon*, 435 U.S. at 598). In criminal cases, courts have found compelling reasons exist to protect witnesses and informants, and the identities of those investigated for criminal conduct but never charged. *See United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 785 (W.D. Wash. 2019) (sealing exhibits that fell within the scope of a protective order and the release of which could cause irreparable harm to potential witnesses); *United States v. Garg*, 2021 WL 2012584, *4 (W.D. Wash. 2021) (sealing exhibits to prevent harm to potential witnesses). *See also United States v. Ferris*, 2009 WL 3672072, *3 (E.D. Wash. 2009) ("[S]ome

law enforcement interests are routinely accepted as higher values and countervailing factors, including: …the protection of the confidentiality of sources; the safety of witnesses and police officers; [and] the privacy and reputation interests of those involved in an investigation, including victims, witnesses, and potential targets….") (internal citations omitted).  *Cf. United States v. Bracy*, 67 F.3d 1421, 1426-27 (9th Cir. 1995) (stating that the need to protect potential witnesses justified sealing indictments); *United States v. Gatewood*, 2012 WL 2286999, *2-*3 (D. Ariz. 2009) (declining to compel government to provide unredacted witness information during pretrial discovery, absent justified, specific requests from defendant).  The party seeking sealing bears the burden of proving compelling reasons exist to justify sealing.  *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)).  When deciding whether to seal documents, courts should "conscientiously balance[] the common law presumption in favor of access against important countervailing interests…"  *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1081 (9th Cir. 2014) (citing *San Jose Mercury News*, 187 F.3d at 1102.)

### III.   ANALYSIS

The United States submits that redacting Defendant's motion to dismiss and exhibits is appropriate because the "documents include the identity of a potentially confidential source in an unrelated investigation; official government investigation documents with details of the investigation into the uncharged co-target of the current investigation; and the identities of uncharged targets of entirely unrelated investigations."  Docket No. 225 at 1.  Defendant responds that the United States fails to show compelling reasons to redact his motion to dismiss and exhibits.  Docket No. 235 at 2.  The Court will address the exhibits in the same sequence as the parties.

**a.   Exhibits A, B, and C**

The United States submits that these exhibits are appropriately redacted because they "implicate third-party tax information and potential allegations of wrongdoing against an individual not ultimately charged…."  Docket No. 225 at 6.  Defendant submits that the United States' characterization of the exhibits' contents is misleading.  Docket No. 235 at 4.  The Court has reviewed Exhibits A, B, and C and finds the United States' argument more persuasive.

3

In Exhibit A, the United States seeks to redact the name of the uncharged co-target in the instant case. Docket No. 225-2 at 6-7. In the context of grand jury documents, one reason for secrecy is to "assure that persons who are accused but exonerated by the grand jury will not be held to public ridicule." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979); *accord Times Mirror Co. v. United States*, 873 F.2d 1210, 1216 (9th Cir. 1989). That principle extends to other documents in criminal cases. *See, e.g.*, *United States v. Kwok Cheung Chow*, 2015 WL 5094744, *4 (N.D. Cal. 2015). Here, the Court finds that the United States' proposed redactions to Exhibit A are minimal, constituting only portions of a few lines of text. Moreover, the proposed redactions do not conceal the substance of the exhibit. Absent such redactions, the uncharged co-target "will be named as [a] law violator[] but never be allowed a proper forum to deny [his/her] culpability." *United States v. Suppressed*, 2010 WL 4962885, *4 (E.D. Mo. 2010), *adopted sub nom. United States v. Shepard*, 2010 WL 4962876 (E.D. Mo. 2010). Accordingly, compelling reasons exist to redact Exhibit A.[2]

The United States seeks to seal the entirety of Exhibit B. This exhibit is a memorandum of a meeting between the uncharged co-target's counsel and Department of Justice attorneys. The United States submits that redactions are inappropriate for Exhibit B as they would render the document meaningless. Docket No. 225 at 6. The Court has reviewed Exhibit B and finds sealing the entirety of the exhibit to be appropriate. Information identifying the uncharged co-target, whether it be his/her name or descriptions of his/her conduct sufficient to identify him/her, is "so entangled with secrets that redaction will not be effective." *Index Newspapers*, 766 F.3d at 1095 (citing *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1082 (9th Cir. 2010) (en banc)). Additionally, the same privacy concerns implicated in Exhibit A are also implicated in Exhibit B. Compelling reasons therefore exist to seal the entirety of Exhibit B.

In Exhibit C, the United States seeks to redact the uncharged co-target's name and a portion of the exhibit describing the uncharged co-target's conduct. Docket No. 225-2 at 12-18. Exhibit

---

[2] A review of Exhibit A reveals that the United States' proposed redactions are incomplete. A fully redacted version of the exhibits must be uploaded to the docket no later than October 26, 2022.

C is a report of investigative steps taken in the current case. *Id.* Just as with Exhibit A, concerns that the uncharged co-target will be "named as [a] law violator[] but never be allowed a proper forum to deny [his/her] culpability" are also present with Exhibit C. Also similarly to Exhibit A, the United States' proposed redactions in Exhibit C leave the substance of the document easily discernible. *Suppressed*, 2010 WL 4962885 at *4. Accordingly, the Court finds that compelling reasons exist to redact Exhibit C.

**b.     Exhibit D**

The United States submits that Exhibit D is properly redacted because it contains the identities of uncharged individuals from separate investigations, as well as information that could expose confidential sources. Docket No. 225 at 7. Defendant submits that Exhibit D can be filed to the public docket because the investigations referenced within are no longer ongoing. Docket No. 235 at 6-7. Exhibit D is an "Investigative Cheat Sheet," containing summaries of information relating to individual subjects of a past investigation. Docket No. 225-2 at 20. The Court has reviewed the exhibit and concludes that compelling reasons exist to redact it. The proposed redactions primarily relate to the uncharged individuals. *Id.* Consequently, the same privacy concerns that warranted the redaction of Exhibit A, warrant these redactions as well.

The only redaction of information directly pertaining to Defendant relates to confidential source information. Protecting the identity of confidential informants has been recognized as a valid reason to redact documents. *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, S. of Billings, Mont.*, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011) (recognizing as such and collecting cases); *Ferris*, 2009 WL 3672072 at *3. *Cf. In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008) (sealing pleas helps encourage cooperating witness testimony). The Court finds that compelling reasons therefore exist to redact this information from Exhibit D.

**c.     Exhibit E**

Exhibit E is a case cover sheet and a memorandum relating to a grand jury investigation. Docket No. 225-2 at 18-22. The United States' proposed redactions mask only the names of uncharged individuals, leaving the substance of the exhibit otherwise discernible. *Id.* The need to

protect from public ridicule those accused but never charged provides compelling reasons for the proposed redactions to Exhibit E.[3]

### d. Exhibit F

Exhibit F is an interview with a source, who is named in the document, in an unrelated investigation. The United States seeks to seal the entire exhibit, asserting that effective redaction would render the document meaningless. Docket No. 225 at 7. The United States submits that sealing this exhibit is appropriate because of the risks of retaliation posed to those who provide information against organized crime. *Id.* at 5. Defendant concedes that, as a general concept, witnesses against organized crime do face a risk of retaliation. Docket No. 235 at 9. However, he submits that the United States' allegations of potential risks here are not sufficient to warrant sealing. *Id.*

The Court has reviewed Exhibit F and finds sealing to be appropriate. Information identifying the source is inextricably woven into the document. As discussed above, protecting the identity of informants can be a compelling reason to seal documents. "Second, direct threats are not a strict condition precedent to a district court's granting of a closure motion." *United States v. Doe*, 870 F.3d 991, 999 (9th Cir. 2017) (quoting *United States v. Doe*, 63 F.3d 121, 130 (2d Cir. 1995)). Accordingly, the Court finds that compelling reasons exist to seal Exhibit F.[4]

## IV. CONCLUSION

For the reasons more fully discussed above, the United States' motion to redact Defendant's motion to dismiss and exhibits is **GRANTED**. Docket No. 225. Defendant's motion to withdraw motions to seal is **DENIED** as moot. Docket No. 222.

---

[3]  The United States also seeks to redact names in Defendant's motion to dismiss derived from Exhibit E. Docket No. 225 at 5. The same compelling reasons that justify the redaction of Exhibit E justify redacting the names from Defendant's motion.

[4]  The United States also seeks to redact the source's name from Defendant's motion to dismiss. Docket No. 225 at 5. The same compelling reasons that justify redacting Exhibit F support redacting the source's name from Defendant's motion.

The Clerk's Office is **INSTRUCTED** to retain the filings at Docket Nos. 194 and 196 under seal. The Clerk's Office is **FURTHER INSTRUCTED** to unseal the filing at Docket No. 197.

Defendant must file a redacted motion to dismiss and exhibits complying with this order to the docket no later than October 26, 2022.

IT IS SO ORDERED.

Dated: October 24, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

7