UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>ANTHONY UVARI<br>    Defendant. | Case No. 2:18-cr-00253-APG-NJK<br><br>**Report and Recommendation**<br><br>[Docket No. 197] |

Pending before the Court is Defendant's renewed motion to dismiss indictment as time barred. Docket No. 197. The United States responded, Docket No. 217, and Defendant replied, Docket No. 230. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons more fully discussed below, the undersigned **RECOMMENDS** that Defendant's motion be **DENIED.**

**I.    BACKGROUND**

On August 13, 2021, Defendant filed a motion to dismiss Counts One and Two of the indictment as time barred. Docket No. 89. On October 5, 2021, the undersigned recommended denial of Defendant's motion. Docket No. 92. On December 20, 2021, after holding a hearing on the matter, United States District Judge Andrew P. Gordon denied Defendant's motion to dismiss. Docket No. 101.

The Court has previously discussed the factual and procedural background relevant to Defendant's motions. Docket No. 92. Therefore, the Court will only summarize the new background information relevant to Defendant's renewed motion.

On October 4, 2017, Defendant retained attorney Stephen Toscher to represent him in pre-indictment negotiations with the United States. Docket No. 89 at 2. Defendant made clear from the outset of the representation that such representation was only for the purpose of convincing the United States not to bring charges; Defendant had no interest in a please agreement. *Id.* at 3. There

were back-and-forth negotiations between Defendant and the United States. Docket No. 197 at 3. Part of the negotiations involved Defendant's attempts to obtain information from the United States, including why the Department of Justice Tax Division declined to charge the co-target in this case. *Id.* The United States declined to provide that information. *Id.* Based on the information the United States did disclose, Defendant's counsel recommended that he sign two statute of limitations waivers, which he did. *Id.* at 3-4. The United States has now disclosed a memorandum prepared by Department of Justice Tax Division attorneys memorializing a meeting they had in 2017 with the uncharged co-target in this case. *Id.* at 4. Defendant submits that this recent disclosure constitutes new evidence that supports his argument that he did not knowingly and voluntarily sign the statute of limitations waivers. *Id.*

## II.   STANDARDS

Two of the three arguments in Defendant's renewed motion are identical to arguments advanced in his original motion. *Compare* Docket No. 197 at 6-9 *with* Docket No. 89 at 6-8. The one new argument Defendant raises, that the United States failed to engage in negotiations in good faith, Docket No. 197 at 5-6, could have been raised in his prior motion.[1] Accordingly, the Court construes Defendant's motion as a motion for reconsideration. *United States v. Chen Chaing Liu*, 2011 WL 4479461, *1 (D. Nev. 2011) (construing renewed motion as motion for reconsideration where movant advanced identical arguments to earlier motion, but attached an additional declaration).

Although the Federal Rules of Criminal Procedure do not explicitly allow motions for reconsideration, "courts generally have held that motions for reconsideration may be filed in criminal cases and 'are governed by the rules that govern equivalent motions in civil

---

[1] Defendant submits that the United States' failure to disclose the Tax Division memorandum demonstrates a lack of good faith because the nondisclosure deprived his counsel of all relevant information. Docket. No. 197 at 5-7. Defendant, and his prior and current counsel, knew about the Tax Division's decision not to charge the individual in the Tax Division memo. Defendant's pre-indictment counsel even attempted to obtain the Tax Division memo, but was unable to do so. Docket No. 89-2 at 12-13. Even without knowing its precise form and contents, Defendant and his counsel knew of the existence and apparent importance of this information at the time he filed his previous motion. He, therefore, could have submitted in his prior motion that the United States' withholding information as to why it declined to charge the co-target evidenced a lack of good faith, but chose not to do so.

2

proceedings.'" *United States v. Paule*, 2020 WL 819520, *1 (D. Nev. 2020) (internal citations omitted). "Reconsideration is appropriate if the [] court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah, Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1225, 1263 (9th Cir. 1993) (internal citations omitted). "A motion for reconsideration must set forth: (1) some valid reason why the [C]ourt should revisit its prior order; and (2) facts or law of a strongly convincing nature to induce the Court to reverse itself." *United States v. Jackson*, 2022 WL 2239724, *2 (D. Nev. 2022) (quoting *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)). Such a motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Motions for reconsideration are disfavored." Local Rule 59-1(b).

### III. DISCUSSION

Defendant submits that the recently disclosed memorandum prepared by Department of Justice Tax attorneys is "fatal" to the United States' case. Docket No. 197 at 4. Specifically, he submits that the United States' delay in disclosing the memo is evidence of its lack of good faith in pre-indictment negotiations with him. *Id.* at 5-7. Defendant further submits that his prior counsel's lack of knowledge of the Tax Division memo's contents made any advice from that counsel faulty and ineffective. *Id.* at 7-8. Finally, Defendant submits that the United States' alleged bad faith in the pre-indictment negotiations vitiates any consideration he received for signing the statute of limitations waivers. *Id.* at 8-9.

The United States responds that the Tax Division memo does not constitute meaningfully new evidence sufficient to provide a basis for reconsideration, and that any information as to Defendant's use of gambling intermediaries would have been known by Defendant himself. Docket No. 217 at 6-7. The United States further submits that any new evidence would be barred by the parol evidence rule and that a "knowing and voluntary" waiver does not require knowing every relevant fact. *Id.* at 3-5.

Defendant's motion raises one novel argument: that the United States acted in bad faith during the pre-indictment negotiations by using "cherry picked" disclosures and refusing to disclose the Tax Division memo. Docket No. 197 at 5-7. In the context of upholding a plea agreement that required a defendant to waive her right to receive impeachment evidence, the Supreme Court noted that "the Constitution does not require the prosecutor to share all useful information with the defendant." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). Waiver of a right is considered knowing "if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *Id.* (emphasis in original).

A defendant waives several constitutional rights when signing a plea agreement. *Id.* at 628 (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Statutes of limitations provide a non-jurisdictional defense to an indictment. *Musacchio v. United States*, 577 U.S. 237, 247-48 (2016). It would be inapposite to conclude that waiver of such a defense requires the United States to disclose more to a defendant than when a defendant waives multiple constitutional rights by signing a plea agreement. Moreover, nothing in the record indicates that the United States withheld so much information that Defendant was unaware of the general consequences of signing the statute of limitations waivers. Accordingly, the Court finds that the United States did not act with bad faith during the pre-indictment negotiations.

Defendant also submits that the United States' alleged lack of good faith in the pre-indictment negotiations meant his counsel could not properly advise him and that, consequently, he did not knowingly and voluntarily agree to the statute of limitations waivers. Docket No. 197 at 7-8. In his previous motion, Defendant also submitted that his counsel at the time did not properly advise him, such that the waivers were not signed knowingly and voluntarily. Docket No. 89 at 8-9. Because that argument was not well-developed, the Court declined to reach it at that time. Docket No. 92 at 6 n. 3.

Defendant again fails to meaningfully develop this argument. His sole contention is that his counsel lacked all the relevant information in the case and was therefore unable to properly

4

evaluate the merits of signing the waiver. Docket No. 197 at 8. As discussed above, the United States need not disclose all information in its possession during pre-indictment negotiations. Moreover, the record reflects that Defendant's pre-indictment counsel understood and communicated the benefit of signing the waivers, a delay in being indicted to allow for more time to negotiate, to Defendant. Docket No. 89-2 at 16, 21. The Court, therefore, finds that Defendant was not "lulled into accepting the faulty advice of his attorney." Docket No. 197 at 8.

Defendant's final submission is that the United States' alleged lack of good faith in the pre-indictment negotiations undermines any consideration he received for signing the statute of limitations waivers. Docket No. 197 at 8-9. In his previous motion, Defendant also submitted that he received no consideration for signing the waivers. Docket No. 89 at 6-7. In his order adopting the undersigned's report and recommendation, United States District Judge Andrew P. Gordon found that Defendant "received the bargained-for benefit of a delay in [the] indictment." Docket No. 101 at 3. In his renewed motion, Defendant makes a singular submission supporting a lack of consideration. He submits that the United States' "concealment of material information and [its] failure to act in good faith during [the pre-indictment] negotiations undermines any adequate consideration." Docket No. 197 at 9. As discussed above, the United States did not need to disclose all information in its possession and did not fail to act in good faith during the pre-indictment negotiations. Consequently, the Court finds that none of Defendant's submissions demonstrates either that new evidence has been discovered which is significant enough to warrant reconsideration or that the Court's initial order was clear error or manifestly unjust. The Court, therefore, finds that Defendant fails to "set forth [] some valid reason why the [C]ourt should revisit its prior order." *Jackson*, 2022 WL 2239724, at *2.

## IV.   CONCLUSION

For the reasons more fully discussed above, **IT IS RECOMMENDED** that Defendant's renewed motion to dismiss indictment as time barred conduct be **DENIED**. Docket No. 197.

Dated: November 2, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

5

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).